IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JED COOPER, | Civ. No. 6:22-cv-00853-AA |
|         Plaintiff, | **OPINION & ORDER** |
| v. | |
| LANE COUNTY SHERIFF'S OFFICE, | |
|         Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Jed Cooper seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court defers ruling on Plaintiff's IFP petition pending submission of the amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

Page 1 –OPINION & ORDER

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is disjointed and difficult to understand. Plaintiff indicates that he brings this action based on federal question jurisdiction but in the section of the Complaint where Plaintiff was asked to list the specific federal statutes or constitutional provisions giving rise to jurisdiction, Plaintiff wrote:

> Obstruction of justice allowing a known associate of law enforcement to lie. 14 amendment denial of equal protection of law, based on nation of origin Providing false statements. gun shots go off all the time/ L.C.S.O. does not own body cams. falsification of records, EMS calls scrubbed from record. Falsification of report. Negligence not ensuring Kim Randale was safe after 911 call.

Comp. 3.

From this, the Court infers that Plaintiff intends to bring an action pursuant to 42 U.S.C. § 1983 alleging a violation of, at the very least, Plaintiff's Fourteenth Amendment right to equal protection. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff cannot maintain a claim against the Lane County Sheriff's Office under § 1983. A claim under § 1983 must be alleged against a "person." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "Persons" under § 1983 "are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. April 25, 2019). While local governmental entities may be sued under a *Monell* theory of liability,[1] this applies to the county or the municipal government itself, rather than to a department of that government. *See Mecautea v. Oregon*, Case No. 3:19-cv-01864-MO, 2020 WL 1812012, at *2 (D. Or. April 9, 2020) (holding that in a § 1983 action "individual officers at their respective departments could be named, or the counties or cities could be sued directly under a *Monell* theory, but it is improper to name a sheriff's or police department specifically."). To the extent that Plaintiff is seeking to bring this action pursuant to § 1983, he must name either individuals or the proper government entity.

The more fundamental problem with Plaintiff's Complaint is that it does not plead facts sufficient for either the Court or any defendant to understand the nature of Plaintiff's claims. Federal Rule of Civil Procedure 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader entitled to relief." Fed. R. Civ. P. 8(a)(2). Even under the most liberal pleading standards, the Complaint falls short of this requirement. In general, Plaintiff alleges that

---

[1] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

someone named "Timmy" tried to "murder me with an Axe, & then loaded a fire arm in front of me later discharged it to try scare me." Compl. 4. Plaintiff alleges that he and/or someone named Kim Randale reported the incident to the Lane County Sheriff's Office but that the deputies took no action and denied that a 911 call took place. *Id*. Plaintiff alleges that this was done out of a discriminatory animus based on Plaintiff's national origin, although Plaintiff does not allege facts in support of this allegation. The other allegations in the Complaint are garbled and difficult to parse. The Court is left to guess at who the various individuals mentioned in the Complaint are or how they relate to Plaintiff's claims. These defects could be remedied by the allegation of additional facts and so the Court will dismiss the Complaint with leave to amend.

Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. In preparing the amended complaint, Plaintiff should bear in mind that the Court does not know anything about the facts of Plaintiff's claims other than what he chooses to include in his pleadings. Plaintiff should briefly and carefully explain in plain language what has happened, how he was injured, and why the named defendant or defendants should be held liable for the injury.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. The Court will defer

ruling on Plaintiff's IFP petition, ECF No. 2, pending submission of the amended complaint.

It is so ORDERED and DATED this ____15th____ day of June 2022.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge