IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JED COOPER,  Civ. No. 6:22-cv-00853-AA

        Plaintiff,  **OPINION & ORDER**

    v.

JARED D. CRAWFORD;
LANE COUNTY, OREGON,

        Defendants.

_____

AIKEN, District Judge.

*Pro Se* Plaintiff Jed Cooper seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, Plaintiff's Amended Complaint, ECF No. 6, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court defers ruling on Plaintiff's IFP petition pending submission of the amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On June 15, 2022, the Court dismissed Plaintiff's original Complaint, ECF No. 1, with leave to amend based on failure to state a claim. ECF No. 5. Plaintiff timely filed his Amended Complaint, which is now before the Court. ECF No. 6.

Although the Amended Complaint is somewhat more cohesive than the original pleading, it remains disjointed and difficult to follow. In general, Plaintiff alleges that he was involved in an altercation and that he attempted to report the incident to the Lane County Sheriff's Office in January 2022. Plaintiff alleges that Defendant Jared Crawford, a deputy sheriff, interviewed him but did not immediately act on Plaintiff's report or trace the source of an earlier 911 call made by a friend of Plaintiff named Kim Randale. It appears that this 911 call was related to the same altercation as Plaintiff's report. Plaintiff alleges that deputies later drove out to the scene to investigate, but Plaintiff objected to the arrival of two police cars and he refused to speak with them, telling them he'd consumed "water with narcotics in it." Am. Compl. 11. Plaintiff alleges that this constituted a violation of his rights under the First, Eighth, and Fourteenth Amendments.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

For his Fourteenth Amendment claim, Plaintiff alleges that Crawford did not act on Plaintiff's January 2022 report because Plaintiff is an immigrant from New Zealand. The Court interprets this as a claim for violation of Plaintiff's right to equal protection. "An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity." *Estqte of Kalama ex rel. Scott v. Jefferson Cnty.*, No. 3:12-cv-01766-SU, 2013 WL 3146858, at *7 (D. Or. June 18, 2013). To state an equal protection claim under § 1983, a plaintiff must allege that (1) he has been treated differently from other with whom he is similarly situated, and (2) the unequal treatment was the result of intentional or purposeful discrimination. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). Here, Plaintiff has failed to allege that he was treated differently from similarly situated people who were not immigrants. Indeed, Plaintiff alleges that the police also disregarded a report of the altercation made by another person, Kim Randale, finding that there was no probable cause to investigate. Am. Compl. 4. The Court therefore concludes that Plaintiff has failed to state a claim for violation of his equal protection rights under the Fourteenth Amendment.

"The Eighth Amendment prohibits cruel and unusual punishments in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). In this case, Plaintiff complains that the deputies failed to act on his January 2022 report, but the incident obviously did not take place while Plaintiff was incarcerated and so does not fall within the scope of the Eighth Amendment. Plaintiff has failed to state a claim for violation of his Eighth Amendment rights.

Plaintiff's First Amendment claim is based on retaliation. "To state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks and citation omitted). A plaintiff must also show that "the defendant's retaliatory animus was a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* Here, Plaintiff alleges that Crawford failed to immediately investigate or act on Plaintiff's January 2022 report because Plaintiff had made previous reports to the FBI, the local district attorney, and an unidentified police internal affairs department concerning allegations of misconduct by law enforcement. Plaintiff's allegations concerning Crawford's motivations are conclusory. Plaintiff alleges generally that there is a conspiracy among police to cover up one another's misdeeds, but Plaintiff does not allege any facts showing Crawford was aware of Plaintiff's previous reports

of police misconduct at the time of the January 2022 report, such that those prior reports could plausibly be construed as a motivating factor in Crawford's decision not to take immediate action on Plaintiff's January 2022 report. Nor does Plaintiff plausibly allege that Crawford's actions, which amounted to asking Plaintiff questions such as "Where do you live?" "How long have you been in the USA for?" and "Where were you later that night?" would have chilled a person of ordinary firmness from engaging in protected activity.

The Court concludes that Plaintiff has failed to state a claim but that the defects in the Amended Complaint might be remedied by the allegation of additional facts and so dismissal will be with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 6, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. The Court will defer ruling on Plaintiff's IFP petition, ECF No. 2, pending submission of the amended complaint.

It is so ORDERED and DATED this ___13th___ day of July 2022.

                                                  /s/Ann Aiken
                                                  ANN AIKEN
                                                  United States District Judge